IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTHONY ZAPPIN,

        Plaintiff,

v.                                        CIVIL ACTION NO. 2:21-cv-00119

RACHAEL L. FLETCHER CIPOLETTI, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Motion for Re-argument and Reconsideration* (Documents 41, 43, and 45), the *Plaintiff's Memorandum of Law in Support of His Motion for Re-argument and Reconsideration* (Documents 42, 44, and 46), and the *Defendants' Response in Opposition to Plaintiff's Rule 59 Motion* (Document 47).[1]

The Plaintiff is proceeding pro se, and his pleadings will accordingly be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fauconier v. Clarke*, 966 F.3d 265, 276 (4th Cir. 2020) (liberal construction particularly appropriate for pro-se civil rights complaints).

The Plaintiff brought this suit alleging that he was improperly disbarred in West Virginia through a reciprocal disciplinary proceeding on February 17, 2021. The Court granted a motion to dismiss on September 24, 2021, and entered a judgment order on September 27, 2021. The Court found that it lacked subject matter jurisdiction to "consider his challenge to the West

---

[1] The Plaintiff filed three substantially identical motions and memoranda.

1

Virginia Supreme Court of Appeals decision regarding his bar membership" under the *Rooker-Feldman* doctrine. (Mem. Op. at 9, Document 38.)

He now argues that the Court erred by misconstruing his claim. He contends that his claim related not simply to the opinion by the West Virginia Supreme Court of Appeals but also to the policies and practices followed by Defendant Cipoletti and others prior to that opinion. He argues that the Court erroneously relied on the absence of formally enacted policies, while a facial challenge to informal and unwritten policies is permissible. In addition, he repeats the arguments regarding the constitutionality of the proceedings and outcome presented in his original briefing.

The Defendants argue that Mr. Zappin failed to meet the standard applicable to motions under Rule 59. They contend that there was no intervening change in the law and no manifest injustice or error in the Court's opinion to support reconsideration. In addition, they argue that the Court correctly applied the *Rooker-Feldman* doctrine to dismiss for lack of subject matter jurisdiction.

Rule 59(e) of the Federal Rules of Civil Procedure permits a motion to alter or amend a judgment within 28 days of the entry of judgment. The Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* The Fourth

Circuit has further cautioned that reconsideration after entry of judgment should be used sparingly. *Id.*

Mr. Zappin continues his efforts to reframe his allegations into claims over which this Court would possess jurisdiction, but as the Court previously explained, the crux of his case is ultimately a challenge to a state court decision. His argument that the decision was based on rules, policies, or procedures followed or argued by various Defendants during the proceedings prior to the final decision does not alter the judicial character of the challenged decision. Likewise, the Court's explanation that his challenges did not relate to "generally applicable rules governing attorney discipline that were enacted through a legislative or rule-making function" was not a finding that only formal rules could be challenged, but a finding that Mr. Zappin was attempting to challenge a judicial decision, not rules enacted by the West Virginia Supreme Court of Appeals or another body acting in a non-judicial capacity. (Mem. Op. at 9.) The Court finds that none of Mr. Zappin's arguments constitute appropriate grounds for reconsideration under Rule 59(e).

For those reasons and for the reasons stated more fully in the Court's *Memorandum Opinion and Order* (Document 38), the Court **ORDERS** that the Plaintiff's *Motion for Reargument and Reconsideration* (Documents 41, 43, and 45) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:    December 17, 2021

        IRENE C. BERGER
        UNITED STATES DISTRICT JUDGE
        SOUTHERN DISTRICT OF WEST VIRGINIA